# John W. Bailey vs. Joseph Hall.

Where goods are attached by a deputy sheriff on mesne process, the officer is not liable to the suit of the debtor while the lien created by the attachment continues, although he does not keep the property safely ; and the statute limitation of four years within which the debtor may bring a suit against the Sheriff, for the neglect of the deputy, in suffering the goods to be destroyed, begins to run from the time the attachment is dissolved.

Exceptions from the Court of Common Pleas, Perham J. presiding.

Trespass on the case against *Hall*, as late Sheriff of the county, for the default of *Spencer Arnold*, one of his deputies. With the general issue the defendant filed a brief statement, setting forth that the cause of action did not accrue to the plaintiff at any time within four years next before the commencement of the suit. This suit was commenced *Jan.* 23, 1837, and contained two counts; one trover, for the conversion of a quantity of crockery ware, the property of the plaintiff; and the other alleging, that in *May*, 1832, *Arnold* had a writ against the plaintiff in favor of one *Howard*, and attached thereon the crockery ware, but did not safely keep the same while the suit was pending in favor of *Howard*, and for thirty days after judgment was recovered therein, but within that time wasted and destroyed the same. It appeared that *Arnold* attached the crockery ware on *Howard's* writ in *May*, 1832 ; that it was deposited by him in a barn not locked, and that within three weeks after the attachment it was destroyed by some person unknown. Within a few days after the destruction of the crockery the plaintiff had knowledge of it. The action, *Howard* against the plaintiff, was entered at the *August Term*, 1832, of the Court of Common Pleas, in *Kennebec*, and judgment rendered at the *April Term*, 1833, and execution issued *April* 19, 1833. The crockery ware was not applied to the satisfaction of that execution, nor in any way accounted for by the officer to the creditors of the plaintiff. In *September*, 1833, the plaintiff demanded the crockery ware of *Arnold*, or the pay for it, but he did not pay for it, saying that the property was destroyed without his knowledge, and that he did not think he ought to pay for it.

The defendant requested the Court to instruct the jury, that the cause of action accrued at the time when the property was destroyed and the plaintiff had notice of the fact. The Court declined, and instructed them, that the cause of action accrued on the expiration of thirty days after the judgment was rendered in *Howard's* suit, or on the discharge of the execution, if discharged within the thirty days. The verdict was for the plaintiff and the defendant filed exceptions.

*W. G. Crosby,* for the defendant, contended, that when an action arises from the misfeazance of a party, the statute of limitations begins to run from the time the act causing the liability is done or becomes known. *Hinsdale* v. *Larned,* 16 *Mass. R.* 65; *Miller* v. *Adams,* 16 *Mass. R.* 456; *Battley* v. *Faulkner,* 3 *B. & A.* 288; *Bishop* v. *Little,* 3 *Greenl.* 405; *Williams College* v. *Balch,* 9 *Greenl.* 74; *Wilcox* v. *Plummer,* 4 *Peters,* 172; *Angel on Lim.* 293. By the *stat.* 1821. *c.* 62, § 16, all actions against Sheriffs for the misconduct and negligence of their deputies shall be commenced or sued within four years next after the cause of action. An action accrues to a party whenever he has a right to commence it. When the property was destroyed, it could not be sold to pay the demand on which it was attached, and the cause of action accrued as soon as the fact was known to the plaintiff. The action is brought for negligence in suffering the property to be destroyed, and the deputy was guilty of that misfeazance more than four years before the commencement of this suit.

*Allyn,* for the plaintiff, argued, that the ruling of the Judge was right on either of these two views:—1. While the lien of the creditor by attachment existed, no injury could happen to the plaintiff, or its extent must be unknown. The execution might go into the hands of the deputy, and he might pay the full value of the property to the creditor, and so the plaintiff would not be injured. If the suit therefore was brought before that time, it could not be maintained, or the damages must be merely nominal. *Prescott* v. *Wright,* 6 *Mass. R.* 20; *Rice* v. *Hosmer,* 12 *Mass. R.* 127; *Mather* v. *Green,* 17 *Mass. R.* 60.

2. The same evidence will support either count in the declaration. Trover cannot be maintained until the plaintiff has the right

to possession. This he cannot be entitled to while the attachment lasts. *Ladd* v. *North*, 2 *Mass. R.* 514.

The opinion of the Court was drawn up by

WESTON C. J. — Where goods are attached on mesne process, the duty of the officer to the defendant is, to redeliver them to him, if the plaintiff does not prevail in his action, or if the attachment is dissolved, by payment made to the creditor, or otherwise. While the lien, created by the attachment continues, the officer is not, in our opinion, liable to the suit of the debtor, although he does not keep the property safely. He is liable to the creditor, whose claim is paramount to that of the debtor, until the attachment is dissolved.

It does not appear to us, that a right of action accrues in favor of the debtor, until he is entitled to a return of the goods. He has then a claim to a full indemnity, free from any lien in favor of the creditor. If the execution is, within thirty days of the judgment, put into the hands of the officer, with directions to seize the goods attached, if he fails to do so, he is liable to the creditor for his neglect, but the attachment no longer continues. *Wheeler & al.* v. *Fish*, 3 *Fairf.* 241. While the officer lawfully holds the goods for the creditor, to whom he is responsible for their safe keeping, the remedy of the debtor in relation to them is postponed, until the attachment is dissolved. If the attachment is however preserved, and made effectual by a seasonable sale on the execution, we do not mean to say, if the goods have, by the misconduct of the officer, deteriorated in value, and have for that reason sold for a less sum, to the prejudice of the debtor, that he may not have an action for the injury.

*Exceptions overruled.*