## James T. Harriman *versus* Daniel Wilkins.

The plaintiff in replevin is not a trespasser in taking the goods replevied, if he offer sureties satisfactory to the officer, though in fact insufficient.

If a deputy sheriff takes an insufficient bond in replevin, he is guilty of official misconduct, for which the sheriff is responsible.

The officer being required in replevin to take a bond "with sufficient surety or sureties," is not justified if he take insufficient sureties by showing that the plaintiff in replevin was a person of abundant property.

The statute of limitations against the sheriff for taking insufficient sureties in replevin, commences running from the time when the plaintiff in replevin, after judgment for a return, has failed to return upon demand the property replevied.

A verdict will not be set aside because the verdict of a former jury was delivered them, with the papers in the case, unless fraudulently or designedly done with intent to influence them.

This was an action of the case brought against the defendant, late sheriff of this county, for the default of Joseph T. Copeland, then one of his deputies, for taking an insufficient surety upon a replevin bond, in a suit of replevin brought by Jonathan and David Greene against the plaintiff.

· Plea, the general issue. The defendant likewise filed a brief statement, in which he relied upon the statute of limitations.

From the report of Shepley J. who tried the cause, it appeared that said Greenes, on the 9th day of August, 1833, sued out their writ against the plaintiff, in which the sheriff was commanded to replevy a chaise and harness then in plaintiff's possession, and valued at $100, and that said Copeland served and replevied the same, taking Jonathan Greene as principal, and Frederick Parker as surety, in double the amount; that suit was prosecuted, and at June Term, 1837, the said Harriman recovered judgment against said Greenes for a return of said chaise and harness, and for one dollar damages and costs. On the 23d of September, 1837, an officer having the execution issued on that judgment, demanded the chaise and harness of Jonathan Greene, but it was not delivered, and the execution was returned in no part satisfied.

Evidence was introduced tending to prove that Frederick Parker, at the time he signed the bond, was, and that he was not, in good credit and sufficient as a surety for the amount of the bond. This evidence was submitted to the jury, and for the purpose of enabling them to decide upon the facts, they were instructed to find a verdict for the plaintiff, if they should find the surety at the time not to be of good credit for the amount of the bond, and they were instructed that the credit and circumstances of the principal in the bond were immaterial.

The jury found a verdict for the plaintiff. If the statute of limitations is a legal bar to the action, the verdict is to be set aside, and the plaintiff nonsuited. If the instructions were otherwise incorrect, there is to be a new trial. And if the statute is not a bar, and the instructions were correct, judgment is to be rendered on the verdict, unless a new trial should be granted for the cause set forth in the defendant's motion for a new trial.

The defendant moved for a new trial, because the verdict of the jury by whom the cause had been tried in the Court below, had been delivered to the jury with the papers in the case.

*G. G. Cushman,* for the defendant.

The cause of action accrued at the time when the plaintiff was dispossessed of his property. Insufficient sureties are the same as no sureties. A bond with sufficient sureties is a prerequisite to the service of the writ. *Sparhawk* v. *Bartlett,* 2 Mass. R. 198. Without this the deputy has no right to act, and his taking is a trespass. St. 1821, c. 63, § 9, provides the form of replevin bond. If there was then a cause of action for not properly serving the writ, the limitation then accrued. *Purple* v. *Purple,* 5 Pick. 226 ; *Johnson* v. *Richards,* 2 Fairf. 49 ; *Rice* v. *Hosmer,* 12 Mass. R. 133 ; *Morris* v. *Van Voast,* 19 Wend. 283 ; *Lisher* v. *Pierson,* 11 Wend. 58. The allegation in the plaintiff's writ is, that the surety when taken was insufficient. If this be true, the cause of action then accrued. Angel on Limitations, 181 ; *Williams College* v. *Balch,* 9 Greenl. 74. The defendant in the replevin suit should have pleaded in abatement this defective service.

There is a material distinction between replevin and bail. In bail, the plaintiff has no opportunity to protect himself till after the termination of his suit. He may never recover judgment, or if he should, it may be paid. In replevin, the sheriff has no right to serve but upon receiving a sufficient bond ; and if the bond be an insufficient one, he should plead that fact in abatement.

The verdict was improperly delivered to the jury ; it constitutes no part of the record. Parties act at their peril, and if a paper which may affect the verdict, and which is inadmissible, is sent out with the papers, it is sufficient cause for a new trial.

*J. Godfrey,* for the plaintiff, argued that the instructions given were correct according to the case of *Chase* v. *Stevens,* 2 Fairf. 133. Surety or sureties stand in the relation of pledges in the English practice. If the sheriff return insufficient pledges, it is the same as if none were taken. 5 Jac. Law Dic. 592 ; *Sparhawk* v. *Bartlett,* 2 Mass. R. 198. The jury have established the insufficiency of the surety ; that being established, the liability of the sheriff necessarily follows. The replevin bond was on condition. No action accrued till the

breach of condition, for till that time there could be no suit against the sureties. The statute of limitations commenced running when judgment for a return was rendered in the replevin suit. *Holmes* v. *Kerrison,* 2 Taunt. R. 323 ; 1 Wm. Bl. 353 ; *Rice* v. *Hosmer,* 12 Mass. R. 130 ; *Mather* v. *Green,* 17 Mass. R. 60.

*Rogers,* in reply. An action does not lie for the default of the deputy in taking insufficient bail. It is not an act *colore officii.* The case in 19 Wend. 283, establishes that proposition. The language in the statute of New York is similar to that of this State. The cases cited show that an officer has no right to serve without a sufficient bond, and having none, if he make service without such bond it is not an act for which the sheriff is responsible. If the deputy do an act unauthorized by law, it is not by color of his office. The declaration avers the taking of an insufficient bond. If the deputy, in violation of his duty, injured the plaintiff, the right of action arose when the injury was done. If the defendant would contest the sufficiency of the pledges, it should be at the return day of the writ, and it is no hardship that he should then be called upon to determine whether he will abide the result, or except to the sufficiency of the bond. 2 Saunders on Pl. and Ev. 645 ; *Shorl* v. *McArthy,* 3 B. & A. 626 ; 5 B. & C. 254 ; *Wilcox* v. *Plummer,* 4 Pet. 172.

" Sufficiency" in the statute is not necessarily confined to the surety. Though there may be many plaintiffs in replevin all are not obliged to sign. If many, a consideration of their number and ability would enter into the consideration of the sufficiency of the bond. The jury should have taken into consideration the ability of the principal.

The opinion of the Court was by

SHEPLEY J. — In making service of the writ of replevin and in taking the bond, the deputy was acting in his official capacity. The plaintiff in replevin could not be a trespasser in taking the goods, if he offered sureties satisfactory to the officer. And if the officer took a bond to the defend-

ant in replevin with insufficient sureties, he was guilty of official misconduct, for which the defendant must be responsible. In the case of *Purple* v. *Purple*, 5 Pick. 226, the officer was regarded as a trespasser because he took the bond to himself instead of to the defendant in replevin. The case of *Morris* v. *Van Voast*, 19 Wend. 283, was decided upon the peculiar provisions of the statute of that State differing from ours.

The officer is required to take a bond " with sufficient surety or sureties." And reliance is of necessity placed upon the surety, for all persons are entitled to the writ whether of ability to respond in damages or not. In such cases the officer is put upon a guarded watchfulness to take good security for one, from whom he takes valuable property and delivers it over to another. And he could not be justified for taking an insufficient surety by shewing, that the plaintiff was a person of abundant property. There would not be a compliance with the letter or spirit of the law.

The defendant's counsel contended, that the action barred by the Statute, c. 62, § 16, which provides " that all actions against sheriffs for the misconduct or negligence of their deputies shall be commenced and sued within four years next after the cause of action." An action upon the case to recover damages for such misconduct or neglect cannot be maintained without proof of actual injury. Whether the plaintiff in this case would be injured by the misconduct of the officer could not be known, until he had recovered judgment for a return of the property, and the defendant in replevin had failed to restore it. The general rule in actions of tort is that the statute commences to run from the time when the consequences of the act arise or happen, and not from the time when the act was done. *Roberts* v. *Read*, 16 East, 2115; *Gillon* v. *Boddington*, 1 C. & P. 541. The cases relating to the negligence of attorneys, cited for the defendant, were actions of assumpsit, in which a different rule prevails.

If the verdict of a former jury had been fraudulently or designedly delivered to the jury to influence them, and it had

been proved by competent testimony, it might have afforded sufficient reason for setting aside the verdict. There is nothing in the motion for a new trial in this case to authorize it.

*Judgment on the verdict.*