## Joseph J. West & another *vs.* Caleb Rice.

The cause of action against a sheriff, for the taking of insufficient bail by his deputy, accrues on the return of *non est inventus* upon the execution against the principal; and the statute of limitations begins to run from that time.

A deputy sheriff arrested a debtor on a writ, and took an instrument in the form of a bail bond, except that it was not under seal, signed by said debtor and one surety only, and returned that he had held the debtor to bail: He did not return said instrument with the writ, but filed it in the clerk's office, several months afterwards : The debtor absconded, and the execution which issued against him, was returned *non est inventus :* The creditor, having failed to recover of the bail, brought an action against the sheriff, for the default of the deputy in not taking sufficient bail. *Held,* that the measure of the plaintiff's damages was the sum that he had lost by the misdoings of the deputy, viz. the sum which the plaintiff would have obtained, if sufficient bail had been taken ; that this sum, *primâ facie,* was the amount of the plaintiff's judgment against the debtor; but that evidence of the debtor's inability to satisfy that judgment was admissible in reduction of damages. *Held also,* that evidence as to the debtor's property and business, a year or two after the plaintiff's execution against him was returned, was competent to be considered by the jury, with reference to the reduction of damages against the sheriff.

This was an action of trespass upon the case against the sheriff of Hampden, commenced on the 29th of April 1842, for the default of Israel M. Parsons, his deputy, in not taking sufficient bail on a writ sued out by the plaintiffs against Henry W. Hatch and James S. Hatch, on the 2d of October 1837, and returnable to the court of common pleas on the third Monday of February 1838.

At the trial of the present action, in the court of common pleas, before *Washburn, J.* the plaintiffs put into the case their said writ against H. W. and J. S. Hatch, on which said deputy had made a return, that he had arrested the said H. W. Hatch, and held him to bail. The plaintiffs also showed that their said writ was duly entered, and that they recovered judgment against said H. W. and J. S. Hatch, at October term 1838, for $822·30 damages, and $17·81 costs of suit; that execution issued on said judgment, October 22d 1838, and was delivered to said deputy, who made the following return thereon, in February 1839 : " I have made diligent search for the property and body of said Henry W. Hatch and James S. Hatch, and could find neither. 1 therefore return said execution unsatisfied. I. M. Parsons, deputy sheriff."

West & another *v.* Rice.

It appeared that, when said Parsons served the plaintiffs' original writ, Henry W. Hatch made an instrument in the form of a bail bond, except that it was without seals, signed by himself, and by Delano Bartlett as his surety ; that said instrument was not returned with the original writ, but was filed in the clerk's office on the 6th of July 1838 ; that after the return of said execution, viz. on the 16th of May 1839, the plaintiffs sued out a writ of *scire facias* against said Bartlett, as upon a valid bail bond, on which they recovered judgment for the full amount of the sum recovered in the original suit, and interest, and took out execution thereon, and committed said Bartlett to jail. It also appeared that Bartlett was afterwards released from jail ; and the plaintiffs introduced evidence tending to show that Bartlett's said commitment and discharge were not directed nor known by their attorney, who brought the original action, and that they were residents in New York.

It further appeared that said Henry W. Hatch, immediately after the service of the plaintiffs' original writ upon him, left the Commonwealth and went to Alabama, where he has ever since resided. And the defendant offered to introduce evidence, for the purpose of reducing the plaintiffs' damages, that said Hatch, at the time of said service, was insolvent, and had been ever since. This evidence, though objected to by the plaintiffs, was ruled to be admissible. The defendant thereupon called said James S. Hatch as a witness, who testified that he visited his brother, said Henry W. Hatch, in Alabama, in 1839, and remained there till March 1840 ; that his object in going to Alabama was to obtain funds from his said brother, to meet his own liabilities for the partnership between himself and his brother, who was the active partner ; that when said partnership was formed, viz. in 1836, his said brother had very little property ; that a quantity of goods was then purchased by him, to be carried to Alabama for sale ; that in 1837, at the time of the service of the plaintiffs' original writ, his brother showed him notes against persons in Alabama ; and that when he was in Alabama, as before mentioned, his brother showed him some of the same notes. He also testified as to the prop-

erty which his said brother had in possession, in January and February 1840, and the mode of his then doing business, and of the ineffectual efforts of the witness to obtain any funds from him.

The plaintiffs thereupon objected furthermore, that this evidence was incompetent, so far as it related to the state of Henry W. Hatch's property and condition in January and February 1840. But it was ruled that this evidence was competent for the consideration of the jury.

The defendant objected to the plaintiffs' recovery, on the ground that this action was larred by the statute of limitations, (Rev. Sts. *c.* 120, § 3;) more than four years having elapsed, after the service of their said original writ, before they commenced this action. This objection was overruled.

The jury were instructed " that the plaintiffs were entitled to recover, if at all, whatever amount they had lost by means of the misdoings of the defendant's deputy ; that, *primâ facie,* the amount of the judgment lost would be the measure of the plaintiffs' damages; that it was competent for the jury to inquire what the plaintiffs would have realized, towards the satisfaction of their debt, if sufficient bail had been taken, and that if the jury were reasonably satisfied, from the evidence, that the plaintiffs would thereby have realized their whole debt and costs, they were entitled to a verdict for that amount and interest ; otherwise, for such part only as the jury believed they would have realized, if such bail had been taken."

The jury returned a verdict for the plaintiffs for $299·60.

Exceptions were alleged, by the plaintiffs, to the admission of the evidence objected to by them ; and by the defendant, to the ruling in respect to the statute of limitations.

*Boise & R. A. Chapman,* for the plaintiffs. The statute of limitations, in this action, begins to run from the time of the return of *non est inventus. Rice* v. *Hosmer,* 12 Mass. 127. *Mather* v. *Green,* 17 Mass. 60.

The evidence to reduce damages was improperly received. By the Rev. Sts. *c.* 91, § 2, an officer who takes a bail bond, with one surety only, is liable for the loss sustained by insuf-

ficiency of the bail.  Under *St.* 23 Hen. 6, *c.* 9, which was formerly in force here, a bond with one surety was not a good bail bond.  *Long* v. *Billings,* 9 Mass. 482.  *Glezen* v. *Rood,* 2 Met. 492.

The cases in which damages have been reduced, in actions like this, are distinguishable.  In *Weld* v. *Bartlett,* 10 Mass. 470, where the damages were reduced, the debtor was sick while the execution was in force, and might have been arrested on an alias.  In the case at bar, the debtor absconded.  In *Shackford* v. *Goodwin,* 13 Mass. 187, though the debtor had absconded, yet the bail had offered to surrender him, and were prevented by the plaintiff's attorney.  In *Nye* v. *Smith,* 11 Mass. 188, the debtor might have been arrested, but the execution was put into an officer's hands only two or three days before it was returnable.  In all these cases, there was no loss by the fault of the officer.

This case is like *Simmons* v. *Bradford,* 15 Mass. 82, and *Seeley* v. *Brown,* 14 Pick. 177, where full damages were given against an officer who did not deliver a bail bond which he had taken, or alleged that he had taken.  See also *Hall* v. *Brooks,* 8 Verm. 485.

The testimony of James S. Hatch, as to the condition of his brother in Alabama, in 1840, was inadmissible, as it did not tend to prove his condition at the time of the service of the original writ, or of the return of *non est inventus* on the execution.

*W. G. Bates,* for the defendant.  As soon as the plaintiffs had opportunity to know, or did know, that the officer had violated his duty, a cause of action accrued, and the statute of limitations (Rev. Sts. *c.* 120, § 3) is a bar.  See *Glezen* v. *Rood,* 2 Met. 492.  *Miller* v. *Adams,* 16 Mass. 456.

The evidence to reduce the damages was rightly admitted. The cases of *Weld* v. *Bartlett,* 10 Mass. 470, *Young* v. *Hosmer,* 11 Mass. 89, and *Eaton* v. *Ogier,* 2 Greenl. 46, cannot be distinguished from this.  See also *Brooks* v. *Hoyt,* 6 Pick. 469.  *Russell* v. *Turner,* 7 Johns. 192.  *Crooker* v. *Hutchinson,* 1 Verm. 79.  The testimony of James H. Hatch, as to his

brother's poverty in Alabama, was competent for the consideration of the jury, in connexion with his testimony as to his former pecuniary condition, though it might be entitled, of itself alone, to little or no weight.

DEWEY, J. 1. The right of action against the defendant, for taking insufficient bail, accrued upon the return of *non est inventus* upon the execution issued against the principal. *Rice* v. *Hosmer*, 12 Mass. 127. *Mather* v. *Green*, 17 Mass. 60. It is true, that by the Rev. Sts. *c.* 91, § 4, the bail bond is required to be returned by the officer to the clerk of the court, and filed with the writ. The omission to perform this duty would subject the officer to an action ; but it might be only for nominal damages. He might have taken a good and sufficient bail bond, and having returned upon his writ that he had done so, the creditor might properly waive all claim for damages for the neglect to return it with the writ ; and he may do so, as we think, leaving in full force his right to institute an action on the case for taking insufficient bail, after a return of *non est inventus.* The plea of the statute of limitations cannot, therefore, avail the defendant.

2. The rule as to competency of evidence in reduction of damages seems also to be equally well settled. Although the amount of the judgment is *primâ facie* evidence of the measure of damages, yet this may be controlled by evidence showing the entire inability of the debtor to pay, and the actual injury therefore to be less than the amount of the judgment against him. *Weld* v. *Bartlett*, 10 Mass. 473. *Nye* v. *Smith*, 11 Mass. 188. *Rice* v. *Hosmer*, 12 Mass. 127. *Shackford* v. *Goodwin*, 13 Mass. 187. In some of these cases, the principal had not withdrawn from the Commonwealth, and might have been arrested on the execution ; but in others, the facts were much like those in the present case. This is particularly true of the case of *Rice* v. *Hosmer.* The fact that the principal debtor was out of the Commonwealth, and could not be arrested on execution, may be important in its bearing upon the amount of damages sustained by the default of the sheriff ; but it does not affect the general rule of damages, or the competency of

evidence tending to show the entire inability of the debtor to satisfy the demand. In all actions on the case, the question is, what is the amount of damage sustained. *Brooks* v. *Hoyt*, 6 Pick. 469.

The statute (Rev. Sts. *c.* 97, § 71,) abolishing the action of debt for an escape, is strongly in affirmance of this rule of damages. Indeed, the only object of such enactment was, to allow, in all cases of this nature, the application of this principle, and not to permit the plaintiff, by changing the form of his action, to evade this rule of damages.

3. The ruling of the court, as to the competency of the evidence given by J. S. Hatch, as tending to show the poverty of Henry W. Hatch, was correct. The evidence was competent, but liable, of course, to the objection, to be taken to the jury, of its weakness and insufficiency to establish the fact attempted to be proved. These were considerations properly to be weighed by the jury, but should not have led to the rejection of the evidence by the court.

*Exceptions overruled.*