(May 22, 1897.)

# COUNTY OF ADA v. ELLIS.

[48 Pac. 1071.]

OFFICIAL BOND—LIABILITY OF SURETIES—STATUTE OF LIMITATIONS.—
The liability of sureties on an official bond is a statutory liability,
and action upon such liability is barred in three years.

SAME—CIVIL PROCEDURE.—Where the official bond of a collector obli-
gated him to "well, truly and faithfully perform and discharge all
the duties required of him by law as collector aforesaid, and shall
pay over to the proper authority all money that shall come into his
hands as collector, in pursuance of the statutes in such case made
and provided," an action will not lie against the sureties of such
officer to recover money wrongfully and illegally paid to him by
the board of commissioners after the expiration of his term of office,
the receipt of such money by the collector not being an official act
for which the sureties are responsible.

(Syllabus by the court.)

APPEAL from District Court, Ada County.

Hawley & Puckett, for Appellant.

The first proposition raised by the answer, although not
urged upon the trial, is that this action is barred by section
4054, subdivision 1, of the Revised Statutes of the state of
Idaho, which provides: "That an action upon a liability
created by statute is barred within three years." It is a uni-
versal and a well-established rule that a statute of limitation
must be strictly construed. (*Tynan v. Walker,* 35 Cal. 634,
95 Am. Dec. 152.) The section of our statute above cited re-
fers to liability created by statute. The liability in this case
and upon which this action is brought is not a statutory liabil-
ity, but is a liability created and positively fixed by our con-
stitution and is upon an instrument in writing. (Idaho
Const., art. 18, secs. 7, 8; *Placer Co. v. Dickerson,* 45 Cal. 12;
*Victor Silver Min. Co. v. Crockwell,* 3 Utah, 152, 1 Pac. 470, 1
West Coast Rep. 428. It follows, then, that if the statute of
limitations runs at all against this claim, which we greatly doubt,
it is governed by the provisions of section 4052 and would run
five years. The next question that arises in this case is as to the
conclusiveness of a judgment against the principal as against the

sureties. It is admitted in this case that the proceedings and allegations in regard to the suit, judgment, etc., set up in the complaint herein are true, but defendants contend that the judgment is not admissible as against the sureties. We contend not only that the judgment is admissible but is *prima facie* evidence as against these defendants. (*Stephens v. Shafer,* 48 Wis. 54, 3 N. W. 835, 33 Am. Rep. 793, and numerous cases therein cited.) The great weight of authority bears us out in our contention that each of the bondsmen are individually liable for the entire and full amount. They cannot take advantage of their failure to qualify in the full amount of the bond to defeat not only the object and purpose of the bond, but the intention of the sureties themselves at the time of the execution of the bond. (*Tevis v. Randall,* 6 Cal. 632, 65 Am. Dec. 547; *People v. Edwards,* 9 Cal. 286; *People v. Huson,* 78 Cal. 154, 20 Pac. 369; *Kincannon v. Carroll,* 9 Yerg. 11, 30 Am. Dec. 391; *People v. Edwards,* 29 Cal. 429.) But regardless of the fact that the great weight of authority bears out in our contention, we think the proposition has been settled beyond question by our statute and a decision of our own supreme court. (Idaho Rev. Stats., sec. 405; *People v. Slocum,* 1 Idaho, 62.)

Johnson & Johnson, W. E. Borah, and Brown & Cahalan, for Respondents.

The first question presented by the demurrer to the answer is that the present action is barred by the statute of limitations. We contend that this is a liability arising under the statute and is controlled by subdivision 1, section 4054, which reads as follows: "Within three years an action upon a liability created by statute other than a penalty or forfeiture." The principle for which we contend is that the cause of action here is based upon the proposition that if Thomas B. Gess had secured certain money while he was in office, it was his duty to pay back the money, and that this was a duty or an obligation arising under and by reason of the provisions of the law. The bond is but the guaranty; it does not give rise to the cause of action, nor does it extend the time in which an action may be brought. It is simply a guaranty for the liability

when it does arise and so long as it exists. (*Board v. Van-Slyck,* 52 Kan. 622, 35 Pac. 299; *Ryus v. Gruble,* 31 Kan. 767, 3 Pac. 518.) The statute of limitation is as applicable to actions like the one at bar brought by the state as to those brought by private persons; and public officers and their bondsmen cannot be harassed by suits brought after the statutory period of limitation has expired. (*People v. Van Ness,* 76 Cal. 121, 18 Pac. 139; *Spencer v. Perry,* 18 Mich. 394.) The test as to whether the liability is one created by statute is said to be whether, independent of the statute, the law imposes an obligation to do that which the statute requires to be done, and whether, independent of the statute, the right of action exists for a breach of the duty or obligation imposed by the state. (Wood on Limitations of Actions, sec. 39; *State v. Baker County,* 24 Or. 146, 33 Pac. 530.) The moneys sued for were not received by said Thomas B. Gess in his official capacity, or as money which by law he was permitted to receive, but were voluntarily paid to him after he had fully accounted for and paid over the moneys received by him as assessor and tax collector. In the action against the principal it was expressly held that Mr. Gess was paid the money in violation of the statute or constitution, and that the money was not received or paid over to him in accordance with the statute, and that this money did not come into his hands in pursuance of the statute or law. (*Ada County v. Gess,* 4 Idaho, 611, 43 Pac. 71.) The engagement or obligation of the sureties cannot be extended beyond the strict terms of the bond. (*Orman v. City of Pueblo,* 8 Colo. 292, 6 Pac. 931; *Taylor v. Parker,* 43 Wis. 78; *Miller v. Stewart,* 9 Wheat. 680; *United States v. Boyd,* 15 Pet. 187.) The breach must be predicated upon some official misconduct. (*Orman v. City of Pueblo,* 8 Colo. 292, 6 Pac. 931; *Ward v. Stahl,* 81 N. Y. 403; Brandt on Suretyship and Guaranty, sec. 528; *State v. Anthony,* 30 Mo. App. 638; *People v. Pennock,* 60 N. Y. 625, 626.) In matters of official bonds a judgment against the principal is in no way evidence against the sureties. Where sureties agree in general terms that an officer will faithfuly perform his duty, they are entitled to be heard and have their day in court, and any judgment rendered against a principal in an action to which they

were not parties is not even evidence against them. (*Pico v. Webster,* 14 Cal. 202, 73 Am. Dec. 647; *Rodini v. Lytle,* 17 Mont. 448, 43 Pac. 502; *Irwin v. Backus,* 25 Cal. 223, 85 Am. Dec. 125; *Douglas v. Howland,* 24 Wend. 35; *Carmichael v. Governor,* 3 How. (Miss.) 236; *Lucas v. Governor,* 6 Ala. 826; *Jackson v. Griswold,* 4 Hill, 522; *Thomas v. Hubbell,* 15 N. Y. 405, 69 Am. Dec. 619; *Lartigue v. Baldwin,* 5 Mart. (La.) 193; *Moss v. McCullough,* 5 Hill (N. Y.), 131; Brandt on Suretyship and Guaranty, secs. 630, 636; *Karmack v. Commonwealth,* 5 Binn. 184; *Pioneer Sav. etc. Co. v. Bartsch,* 51 Minn. 474, 38 Am. St. Rep. 511, 53 N. W. 764; *Governor v. Shelby,* 2 Blackf. 26.)

HUSTON, J.—At the general election held in and for the county of Ada, on the 1st of October, 1890, one Thomas B. Gess was duly and regularly elected to the office of assessor and *ex-officio* tax collector for Ada county, state of Idaho, for the two years next following from January 1, 1891. On the tenth day of November, 1890, said Thomas B. Gess executed and filed his official bond as such officer in the proper office in the said county, with the defendants, George D. Ellis, George W. Gess and Ferdinand Dangle, as sureties thereon. On November 23, 1893, an action was commenced in the district court for the county of Ada, by the plaintiff, against said Thomas B. Gess, to recover the sum of $8,465.36, with interest thereon, alleged to be due from said Gess to plaintiff by reason of said Gess having retained said amount, as commissions for money collected by him as taxes due said Ada county for the years 1891 and 1892, over and above the amount allowed by law to be retained by him as such tax collector. Judgment was recovered in suit by the plaintiff against said Thomas B. Gess for the sum of $9,525.53 and costs, which judgment was afterward affirmed by this court. Execution was issued on said judgment and returned unsatisfied, and plaintiff brings this action against defendants, as sureties upon the official bond of said Gess as aforesaid, to recover said amount. The case was tried in the district court without a jury, and after the evidence on the part of plaintiff was submitted defendants moved for a nonsuit, which motion was granted, and judgment en-

tered in favor of defendants and against plaintiff for costs, from which judgment this appeal is taken. The case comes to this court upon the following agreed statement or bill of exceptions: "Whereupon, subject to the objection that the said facts are irrelevant and that said alleged judgment is in no way binding upon these defendants or competent evidence against them, the following facts are admitted by counsel for defendants: That on the twenty-third day of November, 1893, an action was commenced in the district court of the third judicial district of the state of Idaho, in and for Ada county, by this plaintiff, against said Thomas B. Gess, to recover the sum of $8,465.36, with interest thereon, alleged to be due from said Gess to plaintiff by reason of said Gess having retained said amount, as commissions on taxes collected by him as tax collector on taxes due Ada county during the years 1891 and 1892, over and above the amount allowed by law to be retained as such tax collector; that such proceedings were had in said suit in said court that judgment was rendered in said cause against said Gess in the sum of $9,525.53, being the amount of the principal sum and interest claimed to be due from said Gess as tax collector of said county, for commissions retained during the years 1891 and 1892 over and above the amounts allowed by law, and the further sum of thirteen dollars and eighty-five cents costs of suit; that said cause was thereafter, to wit, on the twenty-sixth day of April, 1895, appealed to the supreme court of the state of Idaho, and on the twenty-fourth day of December, 1895, said supreme court affirmed and sustained the decision of said district court, and affirmed said judgment; that after said judgment was obtained, and on the fourth day of March, 1895, execution was issued out of said district court, in said action and upon said judgment, and placed in the hands of the sheriff of said county for service and execution, which said execution was on the sixth day of April, 1895, returned wholly unsatisfied; that after said judgment and decision by the supreme court aforesaid, and on the eighth day of January, 1896, execution was again issued out of said district court upon said judgment, which said execution was on the twentieth day of January, 1896, returned wholly unsatisfied; that no

part of the judgment, or interest thereon, has been paid. And it is admitted, subject to its relevancy in this action, that all bills presented and filed by said Thomas B. Gess, and the amounts allowed him during his term of office, were filed and allowed to him as assessor and *ex-officio* tax collector of said Ada county, and for services rendered in that capacity. Whereupon plaintiff rested, and defendants, by their counsel, moved for a judgment of nonsuit, upon the ground that the plaintiff failed to prove any cause of action against the defendants, which said motion was then and there argued by the counsel for the respective parties. Whereupon, at the conclusion of said argument, the court gave its decision thereon, and granted said motion, and rendered judgment in said cause in favor of the defendants for the costs of this action, to which said ruling plaintiff duly excepted."

The first contention of defendants is that the action is barred by the statute of limitations. It is conceded that the money received by the tax collector, Gess, was so received by him after the expiration of his term of office, to wit, on the sixteenth day of January, 1893, and this action was commenced on January 27, 1896. Defendants claim that this action comes within subdivision 1, section 4054 of the Revised Statutes of Idaho, limiting the time within which an action "upon a liability created by statute other than a penalty or forfeiture" may be commenced. Appellant contends that it is an action upon an instrument in writing, and therefore comes under the provisions of section 4052 of the Revised Statutes, limiting action in such cases to five years. The contention of appellant cannot obtain. The money was paid to Gess on the 17th of January, 1893, and if any cause of action ever arose against the defendants by reason of such payment to and receipt by Gess of said money, it arose then. (*Board v. Van Slyck,* 52 Kan. 622, 35 Pac. 299; *Ryus v. Gruble,* 31 Kan. 767, 3 Pac. 518; *State v. Baker Co.,* 24 Or. 146, 33 Pac. 530; *Ware v. State,* 74 Ind. 181.) We are unable to see where section 9, article 18 of our constitution, has any application to the case under consideration. That provision applies only to the liability of a derelict officer criminally, and has nothing whatever to do with the civil liability of the officer or his sureties.

The second contention of respondents we do not consider tenable. The bond may not have been in exact compliance with the provisions of the statute. Still it was sufficient. The defect in the justification of the sureties cannot be urged to the extent of invalidating the bond.

The third contention of respondents is, we think, well taken. The money received by Gess, the collector, was paid to him, by order of the board of commissioners, after his term of office had expired and his successor had qualified. It is conceded he had taken possession of the office. It is not charged or intimated that Gess had not fully and faithfully performed all the duties of his office for and during the full term for which he was elected, and had fully and faithfully accounted for and paid over all moneys that had come into his hands as such officer; and, having done so, he had fulfilled all of the obligations of his official bond, and his sureties thereon as well as himself were discharged from all obligations thereunder. If thereafter, either as a gratuitous donation in recognition of eminent services, or for any other assumed reason, the board of commissioners, in violation of law and of their official oaths, saw fit to pay or order to be paid to Gess any sum of money, while Gess would be held liable for money so received, and the commissioners ought to be held both civilly and criminally liable for such misappropriation of the public moneys, we know of no principle of law, nor have we been cited to any authority, which would warrant us in holding the sureties of Gess on his official bond for such posthumous official dereliction.

The claim that the judgment against Gess is *prima facie* evidence against the sureties is not sustainable upon principle or authority. We held in *Ada Co. v. Gess,* 4 Idaho, 611, 43 Pac. 71, that "payments made by the county commissioners to public officers, which are positively and absolutely forbidden by the statutes of the state and by the constitution thereof, may be recovered back." We are unable to see how a judgment against Gess, predicated upon such a statement of the law, can be urged as evidence against the sureties upon the official bond of Gess. That instrument did not obligate the sureties to answer for or be responsible for any other acts or remissness of Gess except what occurred in his official capacity while he was in office.

He might have obtained the money surreptitiously or forcibly, or by collusion with the commissioners, after the expiration of his term of office. Could it be contended, in such a case, that the sureties on his official bond were liable for money thus obtained? We might cite authorities without number in support of our conclusions, but the legal principles upon which they are based have been so long and uniformly recognized that we deem it unnecessary. The judgment of the district court is affirmed with costs.

Sullivan, C. J., and Quarles, J., concur.