(No. 6482.   January 6, 1938.)

IVAN E. OAKS, as Receiver, Appellant, v. AMERICAN SURETY COMPANY OF NEW YORK, Respondent.

[76 Pac. (2d) 932.]

Sam S. Griffin, for Appellant.

Richards & Haga, for Respondent.

HOLDEN, C. J.—This is an action by Ivan E. Oakes, as receiver, against American Surety Company of New York, surety on the official bond of Ben H. Lake, sheriff of Owyhee county, for the term commencing the second Monday of January, 1931, and ending the second Monday of January, 1933.

The case was tried in the district court upon the amended complaint of the receiver, and the general and special demurrer of the surety company. The surety company demurred to such complaint upon the grounds: (1) That it did not state a cause of action. (2) That it appeared from such complaint the receiver's cause of action, if any he ever had, was barred by the provisions of subdivision 1 of section 5–219, I. C. A. (3) That such complaint was ambiguous in certain particulars not deemed to be material. The trial court sustained the demurrer and entered an order of dismissal, from which judgment the receiver appealed to this court.

The receiver alleged in his amended complaint, among other things, the following: That one W. S. Skinner was the owner of, and mortgaged, certain designated cattle to the Equitable Trust Company, an Oregon corporation; that Skinner made default in the payment of certain sums due under and by the terms of the mortgage, and, therefore, the trust company declared a default and commenced suit to foreclose the mortgage in the circuit court of Malheur county, Oregon; that in such foreclosure suit, Oakes was appointed receiver, and thereupon qualified as such, and that thereafter and sometime between the 17th and 20th of March, 1931, the receiver took possession of the cattle; that on or about the 20th of June, 1931, one David Somerville commenced an action

against Skinner in the District Court of Owyhee county; that an affidavit for attachment was made, and that a writ of attachment issued and was placed in the hands of Lake by Somerville, with directions to Lake to seize and hold the cattle, and that pursuant to such directions, and by virtue of the writ, Lake took possession of said cattle; that July 28, 1931, the receiver made demand on Lake for possession of the cattle, which demand Lake refused; that August 22, 1931, upon application therefor, the Malhuer county circuit court, by order, authorized and directed receiver Oakes to begin such actions as might be necessary to recover possession of the livestock; that September 20, 1931, the receiver commenced an action in replevin in the United States District Court for the District of Idaho to recover possession of the cattle; that November 30, 1931, Lake filed an answer to the receiver's complaint in replevin in which he (Lake) denied that the receiver owned, or was in, or entitled to, the possession of the cattle, and alleged that in the month of July, 1931, said writ of attachment was placed in his hands by Somerville with directions to attach, and that he attached approximately 100 head of cattle belonging to Skinner; that Lake further alleged in his answer to said complaint in replevin the value of the cattle did not exceed $2,100 and that the receiver had no capacity to sue; that February 11, 1932, on Lake's motion, the United States District Court dismissed the receiver's replevin action on the grounds, among others, that the receiver had no capacity to sue, and that he had no title to the property under the law of the state of Oregon, nor actual possession of the cattle either in Oregon or Idaho; that thereupon the receiver appealed from the judgment of dismissal of the United States District Court to the United States Circuit Court of Appeals for the Ninth Circuit, and that that court, January 30, 1933, affirmed the judgment of the United States District Court; (*Oakes v. Lake*, 62 Fed. (2d) 728) that on writ of *certiorari* to said United States Circuit Court of Appeals to review the judgment of that court, affirming the judgment of said United States District Court, nonsuiting the receiver, the United States Supreme Court, November 6, 1934, reversed said United States Circuit Court of Appeals and the said United States District Court, and remanded said

action to said United States District Court to be retried; (290 U. S. 59, 54 Sup. Ct. 13, 78 L. ed. 168) ; that thereafter the said action was retried in said United States District Court; that on the retrial of the case it was made to appear a delivery of the cattle could not be made by Lake in the event judgment should go for the receiver, and that such judgment must, therefore, take the form of one for the money value of the property and damages, as, it is alleged, was expressly considered and adjudged by the United States Supreme Court in its opinion in the case of *Oakes v. Lake* (above mentioned) ; that on the retrial of the case in the United States District Court the receiver recovered judgment against Lake for the sum of $2,140 and costs; that no appeal was taken from said judgment and that it is now final; that demand was made upon Lake for the payment of the judgment; that he did not pay the judgment and that he is insolvent; that the receiver expended certain specified sums of money in costs and for attorney's fees in the prosecution of said action in the United States District Court and on appeal, as aforesaid; that prior to the commencement of this action, demand was made upon the surety company and Lake for the payment of said judgment, and of said sums alleged to have been expended, as aforesaid, but that no part thereof was paid.

The second ground of respondent's demurrer presents the question as to when the receiver's cause of action accrued against the surety company. The parties are agreed that that question is decisive. We therefore address ourselves to the determination of that question.

The receiver contends that his cause of action against the official bond of the sheriff did not accrue until it was judicially and finally determined that he was entitled to the possession of the cattle, or their value; that the act of the officer attaching the cattle was wrongful, and a breach of his official duty, and that he, the receiver, had thereby suffered an injury, and that these facts are jurisdictional.

In support of that contention, the receiver cites numerous cases prosecuted against sheriffs, either where there were attachment and recovery of judgment, and upon execution it was found the sheriff had not taken sufficient bail bond, as in *Rice v. Hosmer,* 12 Mass. 127 (approved in *West v. Rice,*

50 Mass. 564), in which case the court held the cause of action against the sheriff did not accrue until the judgment was recovered against the principal in the bail bond (defendant in the attachment action) and the return of *non est inventus;* or where property had been attached and the sheriff failed to safely keep and redeliver it upon the entry of an order dissolving the attachment, as in *Bailey v. Hall,* 16 Me. 408, in which case it was held that a cause of action did not accrue to the defendant in the attachment case, against the sheriff, until the attachment was dissolved and the defendant was entitled to a return of the attached goods; or where the property had been attached and the sheriff wrongfully released it, as in *Lesem v. Neal,* 53 Mo. 412 (followed in *State v. Finn,* 98 Mo. 532, 11 S. W. 994, 14 Am. St. 654), and the court held that the cause of action did not accrue from the date of the release of the property but from that of the judgment in the attachment suit; or where property had been attached and a third party intervened, claiming title, and the attaching creditors obtained an order directing the sheriff to sell the property (to which the intervener made no objection), and the sheriff sold the property and then absconded, taking the proceeds of the sale, as in *Ex rel. Kendall,* 14 Colo. App. 175, 59 Pac. 409, in which case the court held the statute of limitations did not begin to run against the action for the conversion of the proceeds of the sale of the attached property by the sheriff until final judgment determining who was entitled to such proceeds, the intervenor or the attaching creditor.

The receiver also cites *Harriman v. Wilkins,* 20 Me. 93, and *Hartford Accident & Indemnity Co. v. Young,* 40 Ga. App. 843, 151 S. E. 680. In the Harriman case, *supra,* it was held that an action against the sheriff for taking an insufficient replevin bond could not be maintained without proof of actual injury in that whether a plaintiff in replevin would be injured by the failure to take a sufficient bond could not be known until the plaintiff had recovered judgment for a return of the property, and in the Hartford Accident & Indemnity Co. case, *supra,* it was held that an action against a sheriff for accepting an insufficient surety on a replevin bond

did not accrue until either judgment was rendered discharging the bond "or until the liability of the surety thereon has accrued and an execution has been issued against him and returned unsatisfied."

The receiver contends that the Maine cases (*Bailey v. Hall* and *Harriman v. Wilkins, supra*) are important here in that Missouri (*Lesem v. Neal* and *State v. Finn, supra*) followed the Maine rule, and, in turn, Idaho in *Sullivan v. Mabey,* 45 Ida. 595, 264 Pac. 233, followed the Missouri rule.

In the Sullivan case this court said: "For the purposes of this opinion, the various assignments of error may be consolidated and considered under five heads, namely: (1) That the court erred in refusing to permit defendants to prove that the garnishee, Gray, did not turn over to defendant sheriff any money under the attachment; (2) that the court erred in directing a verdict for respondent; (3) that sufficient facts are not pleaded or proven to show estoppel; (4) that the release of the principal by the dismissal with prejudice released the surety; and (5) that the action was barred by the statute of limitations." We there held by a divided court that the trial court erred in refusing to permit proof that the garnishee did not pay any money over to the sheriff under the attachment; that the court erred in directing a verdict for respondent Sullivan; that sufficient facts were not pleaded or proven to show estoppel, and that estoppel was a question of fact for the jury; that the court exceeded its power in dismissing the sheriff "with prejudice"; that the order of dismissal should have been without prejudice, and that "a cause of action against a sheriff for not paying over the proceeds of attached property does not accrue until there has been a final judgment in the attachment suit establishing the right to such funds," citing, and as held in, *State v. Finn,* 98 Mo. 532, 11 S. W. 994, 14 Am. St. 654.

Where personal property is attached by virtue of a writ of attachment or seized under a writ of replevin and a redelivery bond given, it is the settled rule that the plaintiff must first prosecute his action to final judgment and establish, if in attachment, his right to the property or funds attached; if in replevin, his right to the delivery of the property

claimed, and then unsuccessfully resort to the redelivery bond, before a cause of action accrues to the plaintiff against the sheriff for failure to discharge any duty in the premises imposed upon him by law.

It is also well settled that a defendant in attachment must first recover judgment against the plaintiff in attachment, and that a defendant in replevin must first recover judgment against the plaintiff in replevin for the return of the property, where the property has been seized, and then resort, without success, to plaintiff's attachment or replevin bond, as the case may be, before a cause of action accrues against the sheriff for failure to perform some duty in the premises imposed upon him by law, and that these facts are jurisdictional.

There are substantial reasons to support that rule. To illustrate: Where plaintiff causes personal property to be attached, defendant may not recover judgment for its return; or, where plaintiff causes personal property to be attached and defendant gives a redelivery bond and obtains the release and return of the attached property, plaintiff may not recover judgment against the defendant. The rule found in the cases above reviewed is applicable to the parties to the action, and not to a stranger. The receiver was not a party to the Somerville attachment case; therefore, he was not required to obtain a judgment against Somerville for a return of the attached cattle or to resort to the Somerville attachment bond. How, then, could the rule which the receiver seeks to invoke in the case at bar, apply to him? It is clear that such rule does not, and could not, apply to the receiver. When, then, did the cause of action accrue against the sheriff's surety? And did it accrue at the same time it accrued against the sheriff?

When an officer proceeds to execute an attachment, he is authorized to seize any personalty found in the defendant's possession, if he has no reason to suppose it to be the property of another. (*Fuller Desk Co. v. McDade*, 113 Cal. 360, 45 Pac. 694, and cases cited therein.) If, therefore, an officer knows when he attaches personal property that it does not belong to the defendant, the attachment is at once necessarily wrongful, but if he does not, then the act of at-

tachment is not wrongful. Here, it does not appear that the sheriff knew that the cattle were not subject to attachment. Consequently, the cause of action against the sheriff did not accrue until the receiver made demand for the possession of the cattle and the sheriff refused to comply with the demand. That was July 28, 1931. The receiver argues, however, that his cause of action against the surety did not accrue until it was judicially determined that the act of the officer attaching the cattle was wrongful and a breach of his official duty. In the case at bar, whatever injury the receiver suffered was caused by the wrongful attachment combined with the later refusal of the sheriff to surrender possession of the attached cattle upon demand, and not by the entry of judgment against the sheriff in the United States District Court awarding the receiver damages for such wrongful conduct. Surely, the entry of that judgment did not in itself create an injury or give rise to a cause of action. (*Medley v. Hill,* 104 Cal. App. 309, 285 Pac. 891.) The wrong committed by the sheriff is the substantial and actual foundation of the receiver's cause of action. The sheriff's bond is only collateral security for the enforcement of such cause of action. It does not *give* the cause of action. It is the *wrong which gives that,* and the bond simply furnishes security to indemnify the person who suffered because of the wrong. (*Ryus v. Gruble,* 31 Kan. 767, 3 Pac. 518, 519.) But the receiver contends that "we never had a cause of action against the defendant Surety Company *for the recovery of the cattle because the Surety Company never had possession of the cattle,* hence no cause of action for the recovery of such possession could accrue against it." (Appellant's emphasis.) The answer to that contention is found in *Bates v. Capital State Bank,* 21 Ida. 141, 147, 148, 149, 150, 121 Pac. 561.

In that case, an action of claim and delivery was commenced to recover the possession of twenty-one Pacific & Idaho Northern Railroad bonds, deposited with the Capital State Bank, or in case delivery could not be had, for their value. It was contended there, as here, that the action could not be maintained because the bank did not have the possession, control, or custody of the bonds. In disposing of that

contention, this court held that under the provisions of our "claim and delivery" statute an action may be maintained against a person to recover the possession of personal property although he has not the possession of it at the time of the commencement of the action, and that one of the purposes of our practice act was to do away with a multiplicity of suits, and to accomplish such purpose that it, the practice act, contemplates that all matters between the parties be determined in one action where they grow out of the same transaction as in the instant case.

We are of the opinion that the receiver's cause of action accrued against the sheriff, July 28, 1931, in that whatever wrongful acts were committed by the sheriff, upon which the primary right to recover is based, were committed on or before that date, and that the receiver's cause of action against the sheriff's surety accrued at the same time. This action was commenced November 20, 1935. Being based upon a statutory liability, it is, therefore, barred by the provisions of subdivision 1, section 5–219, I. C. A. (See, also, *County of Ada v. Ellis*, 5 Ida. 333, 48 Pac. 1071; *Wonnacott v. County of Kootenai*, 32 Ida. 342, 182 Pac. 353; *Canyon County v. Moore*, 34 Ida. 732, 203 Pac. 466.)

The judgment is affirmed with costs to respondent.

Morgan and Ailshie, JJ., concur.

Budge and Givens, JJ., concur in the conclusion.

Petition for rehearing denied.