A. S. ALLEN *et al.* v. THE STATE OF KANSAS.
### No. 146.

1. COUNTY CLERK—*drawing county warrants is performance of official duty of.* Where a county clerk draws warrants upon the county treasurer for a sum in excess of the amount allowed by the board of county commissioners, such act is a breach of official duty for which his bondsmen are liable, and the cause of action accrues when the breach occurs, except for undiscovered fraud.

2. STATUTE OF LIMITATIONS—*action against official barred, is also barred against bondsmen.* Where a cause of action is barred against an official it is barred against the sureties upon his official bond. *Ryus v. Gruble*, 31 Kan. 767.

3. COUNTY CLERK—*action for fraudulently drawing warrants accrues upon discovery of the fraud.* Where a county clerk fraudulently draws county warrants for a sum in excess of the

916     ALLEN V. THE STATE.

S. Dept.       Opinion.    Dennison, P. J.       6 Kan. App.

amount allowed by the board of county commissioners, the cause of action against him and his bondsmen does not accrue until discovery of the fraud.

Error from Barton District Court. Hon. Ansel R. Clark, Judge. Opinion filed December 15, 1897. *Affirmed.*

*Elrick C. Cole,* for plaintiff in error.

*E. L. Hotchkiss,* for defendant in error.

DENNISON, P. J. This action was commenced in the District Court of Barton County, Kansas, by the State of Kansas, to recover from the plaintiffs in error and one D. R. Jones the amount due by reason of the wrongful conduct of said D. R. Jones while county clerk of said Barton County. The plaintiffs in error were sureties upon the official bond of said Jones.

The petition alleges that the county commissioners of Barton County, Kansas, made orders that the said D. R. Jones, as county clerk, draw orders or scrip on the county treasurer of Barton County for the amounts allowed by them to certain persons; that in drawing said scrip and before parting with the same, and disregarding the order of said board of county commissioners, and disregarding his duties as county clerk of said county, he falsely made, altered and counterfeited the said scrip aforesaid, and that by said falsely making and falsely altering said scrip, and causing the same to be done, he made the same read for $43.60 instead of $3.60, as the said scrip was originally ordered to be drawn by said board; and that the said D. R. Jones presented said scrip to the county treasurer of Barton County and received payment therefor, etc.

The petition also alleges that, by reason of the said

D. R. Jones falsely making, altering and drawing up said scrip or warrant, there is due from each and all of the said defendants the sum of forty dollars; and for the further reason that, by the unlawful acts of the said D. R. Jones in drawing, falsely making, and receiving the payment upon, said falsely made and altered warrant, the conditions of said bond have become absolute, and the sureties thereon, and all of said defendants herein, have become liable to the plaintiff in the sum of forty dollars and interest thereon as aforesaid.

Each count in the petition contains practically the same allegations, differing in amounts to cover the facts of each warrant. The petition also alleges that the facts relating to the conduct of Jones were not discovered until November, 1893.

At the conclusion of the evidence of the defendant in error, the plaintiffs in error interposed a demurrer thereto, which was by the court overruled.

The plaintiffs in error offered no evidence, judgment was rendered against them, and they bring the case here for review.

The specifications of error are based upon the overruling of the demurrer and the propositions which were considered by the court upon such ruling.

The plaintiffs in error contend that there are two general propositions which entitle them to a reversal of this case : First, that the acts of Jones as shown by the evidence were not his official acts, but were acts performed and done as the agent of certain persons who had authorized Jones to present all scrip drawn in their name to the county treasurer and receive for them the money due thereon; and, second, that the pleadings and evidence show that the cause of action was barred by the Statute of Limitations.

In arguing these propositions, counsel for plaintiffs in error seem to overlook the fact that the petition alleges and the evidence shows that the duty of the county clerk was to draw the warrants for the amounts allowed by the board of county commissioners, and that he drew the warrants for a greater sum than was so allowed. This conduct was a breach of official duty for which his bondsmen were liable.

The cause of action accrued when the breach occurred, unless for undiscovered fraud. In determining when a cause of action upon an official bond is barred, it becomes necessary to determine when the cause of action is barred as to the official. If the cause of action is barred as to Jones, it is barred as to his sureties. *Ryus v. Gruble*, 31 Kan. 767. In any event, the action upon the bond is barred in five years after the cause of action accrues, by virtue of the provisions of subdivision 5 of section 18 of the Code of Civil Procedure.

In this action the plaintiff seeks to recover the money which Barton County had paid upon the warrants fraudulently drawn by Jones.

This is clearly an action for relief on the ground of fraud, and comes within the third subdivision of section 18, *supra*. The cause of action accrued upon the discovery of the fraud. The petition alleges, and there was an abundance of evidence to show, that the fraud was discovered in November, 1893.

The judgment of the District Court is affirmed.