(July 7, 1919.)

FRED E. WONNACOTT, Respondent, **v.** COUNTY OF KOOTENAI, a Municipal Corporation, Appellant.

[182 Pac. 353.]

STATUTES OF LIMITATION—LIABILITY CREATED BY STATUTE—SETOFFS AND COUNTERCLAIMS.

    1. C. L., sec. 4054, subd. 1, which prescribes the period of limitation for commencing an action upon a liability created by statute, other than a penalty or forfeiture, is applicable to an action against an assessor to recover because of his failure to collect taxes upon personal property, and because of his failure to pay to the county treasurer moneys collected in his official capacity.

    2. Statutes of limitation apply as well to a claim for a sum attempted to be set off as to one on which an action is to be brought.

    [As to actions against officers as trustees, see note in 96 Am. St. 994–997.]

APPEAL from the District Court of the Eighth Judicial District, for Kootenai County. Hon. William W. Woods, Presiding Judge.

Action for salary and expenses of assessor.   Judgment for plaintiff.   *Affirmed.*

Bert A. Reed, for Appellant.

Before an officer can recover from the county he must allege in his complaint that said officer is not in arrears as to public funds collected by him, as without such a showing the board of commissioners could not allow him his claim or any part thereof, nor could he, in the absence of such showing, recover judgment therefor.   (*Pease v. Kootenai County,* 7 Ida. 731, 65 Pac. 432.)

Under the pleadings in this case, Wonnacott is indebted to Kootenai county, and the evidence of such indebtedness should have been received by the court.   (*Oliver v. Gray,* 1 Har. & G. (Md.) 204; *Johnson v. Albany & S. Ry. Co.,* 54 N. Y. 416, 13 Am. Rep. 607; reversing 40 How. Pr. (N. Y.) 193; *Nix etc. v. Caldwell,* 2 Posey Unrep. Cas. (Tex.) 266.)

Defendant's answer and affirmative defense do not seek to recover a judgment against the plaintiff other than of dismissal and for costs.   Consequently they constitute in law simply a pure defense to the action of plaintiff, not subject to the bar of the statute of limitations.   (*Rosborough v. Picton,* 12 Tex. Civ. 113, 34 S. W. 791, 43 S. W. 1033; *Livingood v. Livingood,* 6 Blackf. (Ind.) 268; *Thorn v. Moore,* 21 Iowa, 285; *Feld v. Coleman,* 72 Miss. 545, 17 So. 378; *Maders v. Lawrence,* 49 Hun, 360, 2 N. Y. Supp. 159; 25 Cyc. 1063.)

McFarland & McFarland, for Respondent.

In the absence of a statutory provision to the contrary, the statute of limitations may be pleaded to a setoff or counterclaim.   (25 Cyc. 1064.)   Subd. 1, sec. 4054, Rev. Codes, applies to this class of actions, viz., liability created by statute. (*Sonoma County v. Hall,* 132 Cal. 589, 62 Pac. 257, 312, 65 Pac. 12, 459; *Bannock County v. Bell,* 8 Ida. 1, 101 Am. St. 140, 65 Pac. 710; 25 Cyc. 1053.)

MORGAN, C. J.—During the years 1911, 1912, 1915 and 1916 respondent was assessor of Kootenai county.   He did not

hold that office in 1913 and 1914. His salary for the third quarter of 1916 amounted to $450, for which, together with $14.40 expended by him in performing his official duties, he filed claims, which were disallowed by the board of county commissioners. This action was commenced to recover the amounts so claimed.

The county filed an answer and cross-complaint wherein it is alleged, among other matters, in substance: 1. That in 1911 and 1912 respondent collected taxes on personal property (the amount collected each month being specified), and that he did not report such collections to the county auditor and pay the money to the county treasurer on the first Monday of the month next after its collection, nor, in case of the moneys so collected in 1911, until March 4, 1912, and in case of the moneys so collected in 1912, until February 1, 1913, and that respondent thereby became indebted to appellant in a sum equal to interest on the money so retained by him at the rate of 7 per cent per annum for the time it was retained, amounting to $451.22 for 1911, and $181.37 for 1912; 2. That during the year 1911 respondent collected $3,719.21 as taxes on personal property and accounted for and paid to the treasurer of Kootenai county only $2,539.48 thereof, and that he failed, neglected and refused to pay the balance of the amount collected, being the sum of $1,179.73; also that during the year 1912 he collected $3,401.08, as taxes on personal property, and accounted for and paid over only $2,397.95 thereof, and that he failed, neglected and refused to pay the balance of the amount collected, being the sum of $1,003.13; 3. That during the years 1911 and 1912 respondent assessed certain personal property, and, in violation of the law and of his duty as assessor, failed to make the proper entries upon the records so that the taxes thereon would become a lien upon the real property of the owners thereof; that the same has never been accounted for or paid to appellant, and that because of such failure and neglect of duty there became due to it from respondent $1,171.92 for 1911 and $447.38 for 1912.

Respondent denied the allegations of the cross-complaint and alleged that the cause of action therein stated was barred by Rev. Codes (now C. L.), sec. 4054, subd. 1.

At the trial, which was to the court without a jury, respondent introduced evidence tending to prove the allegations of his complaint and rested. Appellant offered proof tending to sustain the allegations of its answer and cross-complaint, to which objections, on the ground that all the items thereof were barred by the statute above cited, were sustained.

The court made findings of fact, among which are that the affirmative answer and the cross-complaint do not state facts sufficient to constitute a defense or counterclaim or cause of cross-complaint against respondent, in that all of the demands and claims therein stated are barred by C. L., sec. 4054, subd. 1. Judgment was for the plaintiff, and the defendant has appealed.

C. L., sec. 4054, subd. 1, prescribes three years as the period of limitation for commencing an action upon a liability created by statute, other than a penalty or forfeiture. Rev. Codes, sec. 1813, in force during 1911 and 1912, provided that the assessor should be liable to the county for the amount of taxes on personal property assessed by him and not collected as provided by law. That appears to be the statute pursuant to which demand was made in appellant's answer and cross-complaint for the item arising from the failure of respondent to collect taxes upon personal property. That item constitutes a liability created by statute within the meaning of subd. 1, sec. 4054.

The same conclusion is reached with respect to appellant's other grounds of defense and cross-complaint. It is, by statute, made the duty of the assessor to pay to the county treasurer moneys collected in his official capacity and his civil liability for failure to perform that duty and to pay over, at the time and in the manner required by law, moneys so collected by him, together with interest on such sums thereof as he unlawfully retained, for the time he so retained them, is a statutory liability, action upon which is barred by the section last above mentioned. As was said by the court of ap-

peals of Kansas in *Board of Commissioners of Cloud County v. Hostetler,* 6 Kan. App. 286, 51 Pac. 62, ''the liability of an officer to pay over money to the county treasurer, as required by law, is one created by statute, . . . . '' and by the supreme court of Washington in *Spokane County v. Prescott,* 19 Wash. 418, 67 Am. St. 733, 53 Pac. 661, an action to recover because of the failure of the treasurer to turn over county funds to his successor, ''The essence of this action is for the breach of those statutory duties imposed upon the treasurer.'' (See, also, *County of Ada v. Ellis,* 5 Ida. 333, 48 Pac. 1071; *People v. Van Ness,* 76 Cal. 121, 18 Pac. 139; *Board of Commissioners v. Van Slyck,* 52 Kan. 622, 35 Pac. 299; *Sonoma County v. Hall,* 132 Cal. 589, 62 Pac. 257, 312, 65 Pac. 12, 459; *State v. Davis,* 42 Or. 34, 71 Pac. 68, 72 Pac. 317; *People v. Putnam,* 52 Colo. 517, Ann. Cas. 1913E, 1264, 122 Pac. 796; *Gallatin County v. United States Fidelity & G. Co.,* 50 Mont. 55, 144 Pac. 1085.)

Appellant insists that since it did not seek, in its answer, to recover judgment against respondent, its demand for affirmative relief being confined to the cross-complaint, and since statutes of limitation are not applicable to defenses, its claim against respondent is not barred for that purpose. The affirmative defense set up in the answer is meant to be a setoff and is pleaded as a counterclaim. ''A counterclaim of a defendant is regarded as an affirmative action, and, therefore, unlike a matter of pure defense, is subject to the operation of the statute of limitations. The statute applies as well to a sum attempted to be set off as to one on which an action is to be brought.'' (17 R. C. L., p. 746, sec. 113.)

It is true, as contended by appellant, that C. L., sec. 1945, some of the provisions of which are discussed in the views of the other members of the court, hereunto appended, prohibits the board of county commissioners from allowing claim against the county under the circumstances therein specified. That contention is, however, beside the issue. This is an original action in the district court and not an appeal from an order of the board of county commissioners. That section, if it applied to this case, would prohibit the board, when respond-

ent's claim was filed, from raising the statute of limitations in his behalf as a bar to appellant's claim against him and from allowing his demand regardless of that of the county, but did not prohibit him from pleading it in his own behalf when appellant attempted to make its stale claim an offset and the subject of counterclaim in an action which he was prosecuting against it in the district court. To the last-mentioned proceeding it has no application.

The judgment is affirmed. Costs are awarded to respondent.

RICE, J., Concurring.—Appellant justifies its refusal to allow the claim of respondent for salary by a reliance upon that portion of C. L., sec. 1945, which prevents a county from allowing any account or permitting any warrant to be issued to a county officer, intrusted with the collection, safekeeping or disbursement of public funds, who has failed to make a settlement or statement of his accounts as required by law, or who has failed to account for and pay over public funds received by him when and as required by law.

I think that portion of the statute has reference to the accounts of a county officer, and the payment by him of the public funds in his possession to the county during his term of office. Its proper construction is suggested by a consideration of the system of county government provided for by our constitution and statutes. This system of government is outlined in the opinion of this court in the case of *Leonard v. St. Clair*, 27 Ida. 568, 149 Pac. 1058. It is not necessary to repeat the substance of that opinion here. Suffice it to say that in line with what is stated in that opinion, sec. 1945 prevents the county commissioners from allowing an officer's salary, or recovery thereof by the officer, while he is in default in making his settlements as required by law and in the performance of the duties of his office.

The statute does not refer to a former county officer. After an officer's term has expired, and he has made his settlements, if it be contended that by reason of mistake or fraud, or for any reason a just settlement has not been made, and the former officer still has in his possession public funds belong-

ing to the county which he has failed to pay over to the proper custodian thereof, it is the duty of the county to institute proceedings for recovery of such funds. But the making of a settlement with the board of county commissioners is not a mere idle ceremony. (C. L., secs. 1917-a and 1917-i.) The settlement having been made, it requires affirmative action upon the part of the county when, notwithstanding the settlement, it seeks to recover funds claimed to be in the possession of the officer. In such case, sec. 1945 has no application. An attempt to set up any such indebtedness in opposition to a claim against the county becomes an affirmative act on the part of the county, and in this case it must be held that the allegations of the answer set out matter by way of offset or counterclaim. There is no doubt that the statute of limitations applies in such a case.

BUDGE, J., Dissenting.—The complaint, among other things, contains the following allegations: That respondent filed his claim with the board of county commissioners; it was disallowed; at the time of filing his claim he had not failed nor had he ever failed to make any statement or settlement of his accounts as required by law; he had not failed nor had he ever failed to account for and pay over the public funds received by him in his official capacity when and as required by law; he was not in any way a delinquent or a defaulter in his trust; and he was not indebted to Kootenai county in any sum of money whatever upon any account whatever.

Appellant answered, denying each and every allegation of the complaint, and by way of an affirmative defense alleged, among other things, that at the time respondent presented his claim to the board he was indebted to Kootenai county in various sums collected by him during a former term of office as assessor, aggregating an amount far in excess of that sued for.

Appellant also filed a cross-complaint, alleging in substance that the respondent was indebted to Kootenai county in various sums collected by him during his former term of office as

assessor, for the years 1911 and 1912, amounting to more than $3,000.

Respondent demurred to the affirmative defense generally, and for the further reason that the alleged matters of defense were barred by the provisions of C. L., sec. 4054, subd. 1. A like demurrer, adding the additional ground that the cross-complaint was ambiguous, unintelligible and uncertain, was interposed to the cross-complaint. Both demurrers were over-ruled. Appellant answered the cross-complaint, setting up, among other things, the above statute of limitations.

During the trial, respondent testified in substance that he had not failed to make any statement or settlement of his accounts as required by law; he had not failed to pay over public funds received by him as assessor when and as required by law; and was not indebted to the county in any amount or sum whatsoever then or at the time he filed his claim.

Appellant sought first upon cross-examination of respondent and later as a part of his affirmative defense to prove that respondent was indebted to Kootenai county. The court refused to permit the cross-examination of respondent to go back of the period of the statute of limitations, and excluded appellant's evidence offered in support of the allegations in his answer on the ground that the matters sought to be introduced in evidence were barred by the statute of limitations. The assignments predicate error upon the rejection of this evidence.

The real question is whether the defense sought to be made by appellant is barred by the provisions of C. L., sec. 4054, subd. 1.

If the facts which appellant offered in evidence in support of his affirmative answer constituted a setoff or counterclaim, they were properly excluded, but I do not so regard them, nor are they plead as such. No affirmative relief is sought in the answer, but the facts alleged are set up as a pure defense.

The question involves an interpretation of C. L., sec. 1945, the material parts of which are as follows:

"Sec. 1945. Prohibitions on Allowance of Claims. . . . . They (the Board of County Commissioners) must not allow

any account, or cause or permit any warrant to be issued to any county . . . . officer intrusted with the collection, safekeeping or disbursement of the public funds, who has failed to make any statement or settlement of his accounts as required by law or who has failed to account for and pay' over the public funds received by him when, and as required by law, or who is in any way a delinquent or defaulter in his trust, . . . . They must not allow any account or claim of any officer while he neglects or refuses to perform any duty required of him by law."

It will be noticed that the inhibition against the allowance of claims, provided by the foregoing section, is not made to depend to any extent whatever upon the amount that the officer may be in default. Whatever his default may be, so long as it comes within the matters defined in this section, the board cannot allow his claim. There is no element of setoff or counterclaim which can logically or properly be deduced or inferred from the language of this statute. The statute does not say that if the officer is in default the board may deduct the amount he is in default from the amount he claims to be due and pay him the difference, but it does say that, "They must not allow any account or claim of any officer while he neglects or refuses to perform any duty required of him by law." The prohibition of the statute is absolute and continues under the plain language of the statute, "while he neglects or refuses to perform any duty." It cannot be said that any lapse of time operates to perform the officer's duties for him. So long as the delinquency of the officer continues, this statute prevents the board from allowing him any claim, and this would be true regardless of the nature of the claim. In other words, the statute is a complete defense to any claim the officer may present so long as he is in any way a delinquent or defaulter in his trust or so long as he may have neglected or refused to perform any duty required of him by law, and bars recovery by the officer from the county.

The main opinion, if I understand it correctly, adheres to the view that although sec. 1945, *supra*, applies to and binds the board of county commissioners, since this is an independ-

ent action against the county, the statute has no application and is not binding upon the action of the court. I am unable to concur in such an interpretation of the statute. Either the statute applies, or it does not apply. If it applies, the board is without authority to allow the claim and the courts are bound by the statute to the same extent that the board is, and the fact that the point is raised in an independent action against the county does not give the courts jurisdiction to compel the board to perform an act which the statute expressly prohibits them from doing.

It is apparent that sec. 1945, *supra,* makes the matters sought to be shown by the appellant a pure defense against any claim of a county officer while he remains in default in respect to any of the matters defined in the statute. The defense provided for by this statute is wholly independent of and not in any way related to the county's original right to recover public funds from a county officer, if action therefor be commenced before the claim is barred. When a county seeks to recover public funds retained by an officer thereof, it stands in the same position as any private litigant when met by a plea of the statute of limitations, but when a delinquent county officer seeks to recover a claim from the county, he is met by the provisions of this statute, which constitute a pure defense and bar his cause of action.

The rule is universal and the authorities are uniform to the effect that statutes of limitation are not applicable to defenses. (17 R. C. L. 745, sec. 112; 25 Cyc. 1063; *Louisville Banking Co. v. Buchanan,* 117 Ky. 975, 4 Ann. Cas. 929, and note 933, 80 S. W. 193; *Buty v. Goldfinch,* 74 Wash. 532, Ann. Cas. 1915A, 604, and note 608, 46 L. R. A., N. S., 1065, 133 Pac. 1057; *Aultman & Taylor Co. v. Meade,* 121 Ky. 241, 123 Am. St. 193, 194, 89 S. W. 137; see, also, cases cited in 1914–1918 Supplement to Cyc., p. 2156, Limitations of Actions, 1063–1091; *Buck v. Assurance Society,* 96 Wash. 683, 165 Pac. 878; *Muckenthaler v. Noller* (Kan.), 180 Pac. 453.)

Nor am I in accord with the view expressed in the concurring opinion, that sec. 1945, *supra,* does not apply to a *former* officer, i. e., one who has settled with the county and turned

over all of the affairs of his office to his successor, for the following reasons, viz.:

The duties of the office are imposed upon the individual incumbent, and continue whether in or out of office until he has performed all of the duties required of him by law. If he fails to perform any duty required of him by law, his default is not cured by the expiration of his term of office. The statute does not in terms refer to a former county officer, neither does it say that its provisions only apply to a county officer so long as he continues in office, but the statute does say in express terms that while he neglects or refuses to perform any duty required of him by law, and so long as any such duty has not been performed, the board must not allow any account or claim of such officer.

If the view expressed in the concurring opinion is correct, in case the indebtedness of a county officer to the county is discovered during his term, the provisions of the statute apply, but if by reason of exceptional skill, or for any other reason, he is able to avoid detection of his defalcations until his term of office expires, he is thereby rewarded by the removal of the inhibition placed upon the board of county commissioners under the provisions of the statute, and the only recourse the county has is in an action to recover. To my mind, there is an absence of both logic and justice in an interpretation of the statute which makes possible the application of this rule.

If the view expressed in the concurring opinion is the correct one, a county officer who had refused or neglected to perform any of the duties required of him by law, during the last quarter of his term, could avoid the inhibition of this statute by delaying the presentation of his claim for his last quarter's salary until after his successor had qualified and taken over the duties of the office.

It is my opinion that the view that this statute does not apply to a former officer defeats the ends which the statute was designed to accomplish.

I am of the opinion that the trial court erred in rejecting appellant's evidence as to the alleged indebtedness of respondent. arising during the years 1911 and 1912, and that the judgment should be reversed.