(December 30, 1921.)

CANYON COUNTY ex rel. H. A. GRIFFITHS, Respondent, v. GEORGE H. MOORE and UNITED STATES FIDELITY & GUARANTY COMPANY, a Corporation, Appellants.

[203 Pac. 466.]

ACTION ON STATUTORY LIABILITY—STATUTE OF LIMITATIONS.

    An action against an assessor to recover because of his failure to pay to the county treasurer moneys collected in his official capacity is an action upon a liability created by statute, not an action for a penalty or forfeiture, and C. S., sec. 6611, subd. 1, prescribes the limitations for commencing such an action.

APPEAL from the District Court of the Seventh Judicial District, for Canyon County. Hon. Ed. L. Bryan, Judge.

Action to recover from appellant Moore and his surety moneys collected by him as assessor and tax collector and not paid over to the county. Judgment for plaintiff, and defendant appeals. *Reversed.*

T. A. Walters, for Appellant U. S. Fidelity & G. Co.

An action against a public officer for misfeasance or malfeasance in office by failure to pay over to the parties entitled thereto money coming into his hands, as required by law, is a liability created by statute and is barred by the statute of limitations, limiting the time in which action may be begun on a "liability created by statute." (*Wonnacott v. Kootenai County,* 32 Ida. 342, 182 Pac. 353; *Ada County v. Ellis,* 5 Ida. 333, 48 Pac. 1071; *Hellwig v. Title Guaranty & S. Co.,* 39 Cal. App. 422, 179 Pac. 222; *Norton v. Title Guaranty & S. Co.,* 176 Cal. 212, 168 Pac. 16; *Peterson v. Title Guaranty & S. Co.,* 35 Cal. App. 103, 169 Pac. 239; *Calaveras County v. Poe,* 167 Cal. 519, 140 Pac. 23; *Sonoma County v. Hall,* 132 Cal. 589, 62 Pac. 257, 312, 65 Pac. 12, 459; *Spokane County v. Prescott,* 19 Wash. 418, 53 Pac. 661; *Gallatin County v. United States Fidelity & G. Co.,* 50 Mont. 55, 144 Pac. 1085; *Board of Commrs. v. Van Slyck,* 52 Kan. 622, 35 Pac. 299; *State v. Jackson,* 52 Ind. App. 254, 100 N. E. 479; *Board of Commrs. v. Hostetler,* 6 Kan. App. 286, 51 Pac. 62; *State v. Davis,* 42 Or. 34, 71 Pac. 68, 72 Pac. 317; *State v. Conway,* 18 Ohio, 234; *Skagit County v. American Bonding Co.,* 59 Wash. 1, 109 Pac. 197.)

The limitation acts upon the cause, not the form of action, and the effect of the statute cannot be evaded by any change of the form of action. (*Havird v. Lung,* 19 Ida. 790, 115 Pac. 930; *Brown v. Cloud County Bank,* 2 Kan. App. 352, 42 Pac. 593; *Atchison, T. & S. F. Ry. Co. v. Atchison Grain Co.,* 68 Kan. 585, 1 Ann. Cas. 639, 75 Pac. 1051;

*Mosher v. Butler,* 31 Ohio St. 188; *Howk v. Minnick,* 19 Ohio St. 462, 2 Am. Rep. 413; *Sandoval v. Randolph,* 11 Ariz. 371, 95 Pac. 119; *District Township v. French,* 40 Iowa, 601; *Scholle v. Finnell,* 166 Cal. 546, 137 Pac. 241; *Frishmuth v. Farmers' Loan & T. Co.,* 107 Fed. 169, 46 C. C. A. 222; *Cornell v. Edsen,* 78 Wash. 662, 139 Pac. 602, 51 L. R. A., N. S., 279; *Carr v. Thompson,* 87 N. Y. 160.)

J. M. Thompson and Scatterday & Van Duyn, for Appellant Geo. H. Moore.

The complaint of plaintiff is not an action sounding in fraud, or the gist of which is fraud, and therefore it cannot place itself within the meaning of subd. 4, sec. 6611, C. S.

An action for the recovery of moneys belonging to a county and illegally held by an officer falls within the classification or kind of action defined by statute as "an action founded upon a liability not founded upon an instrument in writing." (*Bannock County v. Bell,* 8 Ida. 1, 101 Am. St. 140, 65 Pac. 710.)

There is a test to determine the nature or classification of an action, to wit, the purpose or object of the action. (*Murphy v. Crowley,* 140 Cal. 141, 73. Pac. 820; *Thomas v. Richter,* 88 Wash. 451, 153 Pac. 333; *Cornell v. Edsen,* 78 Wash. 662, 139 Pac. 602, 51 L. R. A., N. S., 279; *Norton v. Title Guaranty & S. Co.,* 176 Cal. 212, 168 Pac. 16; *Hellwig v. Title Guaranty & S. Co.,* 39 Cal. App. 422, 179 Pac. 222; *Havird v. Lung,* 19 Ida. 790, 115 Pac. 930; *Atchison, T. & S. F. Ry. Co. v. Atchison Grain Co.,* 68 Kan. 585, 1 Ann. Cas. 639, 75 Pac. 1051.)

Martin & Martin and Clarence S. Hill, for Respondent.

The test of whether or not an action is upon a "liability created by statute" is as to whether or not a cause of action would exist except for the statute. (5 Words and Phrases, 4116; *Hawkins v. Iron Valley Furnace Co.,* 40 Ohio St. 507; *Moore v. Boyd,* 74 Cal. 167, 15 Pac. 670; *Green v. Beckman,* 59 Cal. 545; *State v. Baker County,* 24 Or. 141,

33 Pac. 530; Wood on Limitations, sec. 39; *Richards v. Board of Commrs.*, 28 Kan. 326; *Higby v. Calaveras County*, 18 Cal. 176; *Miller & Lux v. Batz*, 131 Cal. 402, 63 Pac. 680; *Robertson v. Blaine County*, 90 Fed. 63, 32 C. C. A. 512, 47 L. R. A. 459.)

Weighed by these authorities there can be no question that this is not an action on a "liability created by statute."

GIVENS, District Judge.—This is an action to recover from the appellants, George H. Moore and the United States Fidelity & Guaranty Company, a corporation, a balance alleged to be due on account of money collected by Moore, as assessor and tax collector of Canyon county, Idaho, and not paid over to the county. The sum so claimed to have been retained by the appellant, Moore, was taken from the taxes collected as follows: From the delinquent roll of 1906, collected in 1907, $87.42; returns from tax collections of 1907, $1,510.93; and for the year 1908, $1,626.57. Interest is also asked at the rate of seven per cent. Suit was commenced March 22, 1915. Moore's last term of office expired at the end of the year 1908.

Moore was called by the respondent for cross-examination under the statute, but no evidence was introduced by appellants, and judgment was entered for respondent, against both appellants, for the principal sum and interest. This appeal is from the judgment.

Appellant contends that the action is one upon a statutory liability, and barred by C. S., sec. 6611, subd. 1. Respondent contends that there was fraud in the action, hence subd. 4 of C. S., sec. 6611, obtains, and that since the facts constituting such fraud were not discovered by respondent until 1915, the action was not barred.

This court has held that an action against an assessor to recover because of his failure to pay to the county treasurer moneys collected in his official capacity is an action upon a liability created by statute, and hence C. S., sec. 6611, subd. 1, prescribes the time within which such action must be commenced. The action in the case at bar

is such an action, and is not an action for a penalty or forfeiture. (*Wonnacott v. County of Kootenai*, 32 Ida. 346, 182 Pac. 353.)

*Board of Commrs. of Cloud County v. Hostetler*, 6 Kan. App. 286, 51 Pac. 62, one of the main cases cited in the Wonnacott case in support of the conclusion there reached, apparently repudiates respondent's theory, and it would therefore appear that the Wonnacott case is controlling herein. The statute of limitations had therefore run at the time this suit was brought. This conclusion renders it unnecessary to consider the other points raised on appeal, and the judgment is therefore ordered reversed. In fairness to the trial judge it should be stated that the case herein was tried and decided prior to the time the decision in the Wonnacott case, *supra,* was rendered. Costs awarded in favor of appellants.

McCarthy, Dunn and Lee, JJ., concur,

BUDGE, J., Dissenting.—Counsel for appellants contend that the legislature, having classified actions as to the period of limitations applicable thereto, the court has no power to read into the statute exceptions which have not been embodied therein by the legislature.

The position of assessor and *ex-officio* tax collector is a public office created by law. The duties, obligations and liability of such officer are defined by statute. (*Gallatin Co. v. United States Fidelity etc. Co.,* 50 Mont. 55, 144 Pac. 1085; *Calaveras County v. Poe,* 167 Cal. 519, 140 Pac. 23; *People ex rel. Dunn v. Van Ness,* 76 Cal. 121, 18 Pac. 139; *Sonoma County v. Hall,* 132 Cal. 589, 62 Pac. 257, 312, 65 Pac. 12, 459.)

A collector of taxes is charged with the duty of delivering the same to the proper authorities, and is not a mere debtor to the state and county, but sustains the relation of trustee to them. (37 Cyc. 1206.)

The conclusion is inevitable that the office of tax collector is one of trust and confidence, and that the person

holding and exercising the duties of such office stands in a fiduciary relation to the county. The appellant Moore then, having occupied a position of trust, though the action against him is on a statutory liability, if there was fraud or mistake on his part in connection with the basis of the action, and such constitutes an exception, the statute of limitations would not operate until the, county knew or should have known of the breach.

It is necessary, therefore, to determine whether or not there is an exception, whether there was such fraud or mistake, and whether the county had or was presumed to have had notice of such breach.

The case of *McMullin v. Winfield Building etc. Assn.*, 64 Kan. 298, 91 Am. St. 236, 67 Pac. 892, 56 L. R. A. 924, quot-ing with approval *Bailey v. Glover*, 21 Wall. 342, 22 L. ed. 636, and *Lieberman v. Banks*, 2 Penne. (Del.) 416, 82 Am. St. 414, 45 Atl. 901, 48 L. R. A. 514, and also numerous other cases, clearly sustains the proposition that where a trust rela-tion exists, if fraud enters into the transaction giving rise to the cause of action, even though the cause of action is not based upon such fraud, that the statute is tolled until the fraud is discovered. The case of *Atchison etc. R. Co. v. Atchison Grain Co.*, 68 Kan. 585, 1 Ann. Cas. 639, 75 Pac. 1051, relied upon by appellants, has been distinguished on this precise point in the case of *Lightner Mining Co. v. Lane*, 161 Cal. 689, Ann. Cas. 1913C, 1093, 120 Pac. 771, where the court said:

"That the statute of limitations makes no exceptions in actions at law in regard to fraud or fraudulent concealment, and that the courts are bound by the terms of the statute and cannot add to it or declare an exception which would nullify it in its application to cases properly embraced in its terms. . . . . Where one betrays a trust and appropri-ates trust property to his own use, it is called a fraud. The injured party allows the other to have the possession and the opportunity to convert the property secretly, because of the faith and confidence in the wrongdoer. . . . .

"If it appears that fraud enters into a cause of action .... the cause of action will not be deemed to have accrued until the facts have been discovered, regardless of the form or character of the action."

This same principle is also supported by *Valley Abstract Co. v. Page,* 42 Okl. 365, 141 Pac. 416; *Waugh v. Guthrie Gas etc. Co.,* 37 Okl. 239, 131 Pac. 174, L. R. A. 1917B, 1253; *Johnson v. Beattie,* 88 Vt. 512, 93 Atl. 250; *Allen v. State,* 6 Kan. App. 915, 51 Pac. 572; *Skagit County v. American Bonding Co.,* 59 Wash. 1, 109 Pac. 197. *Norton v. Title Guaranty & Surety Co.,* 176 Cal. 212, 168 Pac. 16, is clearly distinguishable as to the application of the above rule, for the reason that there the trust relationship did not exist and this point was not raised or considered by the court.

The test, therefore, is not whether the action is one of fraud, but whether the action seeks relief from or on account of fraud or mistake in the original transaction.

Although a misrepresentation is made through mistake of the facts as they actually exist, when such misrepresentation is made by one whose duty it is to know the facts and who stands in a fiduciary position, a misrepresentation is in law equally as fraudulent and actionable as if knowingly made. (*Hillock v. Idaho Title & Trust Co.,* 22 Ida. 440, 126 Pac. 612, 42 L. R. A., N. S., 178; *Kerby v. Lake Shore etc. Ry. Co.,* 120 U. S. 130, 7 Sup. Ct. 430, 30 L. ed. 569; *San Pedro Lumber Co. v. Reynolds,* 121 Cal. 74, 53 Pac. 410; *Allen v. State,* 6 Kan. App. 915, 51 Pac. 572; *Christensen v. Jensen,* 5 Cal. Unrep. 45, 40 Pac. 747; *Lewey v. Fricke Coke Co.,* 166 Pa. St. 536, 45 Am. St. 684, 31 Atl. 261, 28 L. R. A. 283; *Lataillade v. Orena,* 91 Cal. 565, 27 Pac. 924; *Johnson v. Beattie, supra.*)

The cases cited by appellants upon this proposition are all readily distinguishable upon one of two grounds, either the trust relationship did not exist, or after the receipt by the trustee of funds belonging to the *cestui que trust,* the trustee set up an adverse claim.

See, also, *Board of Commrs. v. Renshaw,* 23 Okl. 56, 99 Pac. 638, 22 L. R. A., N. S., 207, and note, p. 215.

Appellants contend that the county commissioners represented the county and that they knew or should have known there was a shortage in Moore's accounts, or that by reason of all the circumstances disclosed in the case they were charged with the duty of investigating, in which event they would have found that a shortage did exist prior to the time that suit was brought, and that the statute of limitations applies, on the theory that the county is bound by the neglect of the county commissioners or by knowledge properly imputed to them. Moore told the county commissioners at the expiration of his term of office that he had some $500 more money than he could account for, and which he turned over to them. This was not necessarily an indication that he had in excess of that amount. There is other evidence to show that the various officers in Canyon county could not balance their books with each other. While this might indicate in general that all the accounts needed auditing, it was not such notice as to put the county commissioners as a board upon particular inquiry as to the tax collector, and upon their failure to promptly proceed, bind the county and prevent the county from suing for the recovery of these trust funds when the actual shortage was discovered, and the amount thereof determined, in view of the fact that Moore occupied a position of trust, and was charged with knowing whether this money in his posession was his or belonged to the county.

Appellants claim there was no fraud or concealment because the books were public records and open to the inspection of the county commissioners, and that they were charged with the duty of seeing that the accounts kept by the assessor were correct.

The assessor was charged with the duty in the first instance of keeping his books, collecting this money, and turning it over to the county treasurer, or other proper authority.

If he knew that the books were incorrect, and that he had collected money which he had not turned over, and did not tell the county commissioners, he was guilty of actual concealment and fraud. If he kept the books in such a manner that he did not know whether the money which he had collected belonged to him or to the county, and as a matter of fact he had received money which was not his and which he should have turned over to the county, but converted the same to his own use, this was a breach of his duty and was, as to the county, a fraud or mutual mistake. If the books were open for inspection of the county commissioners, and they were charged with notice of defects therein because they were authorized by statute to make an inspection, Moore was equally charged with notice, so that either the assessor was guilty of actual fraud, or there was a mistake both on his part and on the part of the county commissioners as to whether or not he had turned over all the money which he had collected.

The fact that the records were open for inspection of the commissioners and that they disclosed a shortage was not such constructive notice as to bring them within the rule announced in *Williams v. Shrope,* 30 Ida. 746, 168 Pac. 162; *Inhabitants of Hudson v. Miles,* 185 Mass. 582, 102 Am. St. 370, 71 N. E. 63; *Underwood v. Fosha,* 96 Kan. 549, Ann. Cas. 1917A, 265, 152 Pac. 638; *Powell v. Archer County* (Tex. Civ. App.), 198 S. W. 1037; *Bailey v. Glover, supra,* cited with approval on this point in *Arkins v. Arkins,* 20 Colo. App. 123, 77 Pac. 256; *In re Parker's Estate* (Iowa), 179 N. W. 525.

In *Farmers' State Bank v. Keen* (Okl.), 167 Pac. 207, at 209, the court said:

"Generally speaking, when a fraudulent transaction is a matter of public record, so that a party interested has abundant means of finding out the facts of such record, he is charged with notice of the recorded facts; and, though he may not have actual notice, he is held to have constructively discovered the acts constituting the fraud. However, a

different rule prevails when a relation of trust and confidence exists. The rule, correctly stated, is that in case of fraud the statutes of limitation begin to run only from the time of the discovery of the fraud, or from such time as the defrauded party, with ordinary diligence, might have discovered the fraud. If one acts as agent for another in a transaction, ordinary diligence does not require that public records be searched in order to find out whether or not the trust relationship was abused. The principal in such a case has a right to rely upon the fidelity of the agent, and the agent is charged with the duty of revealing the facts to the principal. It is especially true that one spouse may and should confide in the other, and it is not reasonable to charge the wife with notice of public records in transactions in which the husband acts as her agent. In *Vigus v. O'Bannon,* 118 Ill. 334, 8 N. E. 778, it is said:

" 'But this failure to use diligence will be excused where a relation of trust or confidence existed, making it the duty of the defrauder in the trust capacity to disclose the true state of facts, and the defrauded party, confiding in such duty, was prevented from discovering it.'

"It is said by Chief Justice Horton in *Duffitt v. Tuhan,* 28 Kan. 293:

" 'In a case like this, the statute does not begin to run until the fraud is discovered. For this purpose there is no constructive discovery. If an agent or tenant should fraudulently allow the lands of his principal or landlord to be sold for taxes, and take the deed himself and put it on record, this would not be notice to the principal or landlord that would set running the statute that would bar him from an action for relief against the fraud.'

"See, also, *McMahon v. McGraw,* 26 Wis. 622; *Duff v. Duff,* 71 Cal. 513, 12 Pac. 570; *Bradford v. McCormick,* 71 Iowa, 129, 32 N. W. 93; *Losch v. Pickett,* 36 Kan. 216, 12 Pac. 822."

I believe the above is preferable to the doctrines announced in *State ex rel. Brown v. Boyd,* 49 Neb. 303, 68

N. W. 510, and in *Walline v. Olson,* 84 Kan. 37, 113 Pac. 426. The court found as a fact that there was no sufficient showing that the board as a whole, or as a board, knew or should have known of the shortage, and the cause of action should not be held to accrue, nor the statute of limitations to begin to run, until the county commissioners either discovered the actual fraud, or were charged with the duty of acting by reason of information received by them.

I was not in accord with the majority opinion in the case of *Wonnacott v. County of Kootenai,* 32 Ida. 342, 182 Pac. 353, or the authorities cited in support thereof, upon which the judgment in this case is reversed. Where a public official in a fiduciary capacity receives public moneys and appropriates the same to his own use, and the reports submitted by him and required by law are false and misleading, he should not be permitted by reason of his own wrongful acts to profit thereby. The sounder and better rule, and in my opinion supported by the great weight of authority, tolls the running of the statute of limitations until the discovery of the fraud.

The judgment in this case should be affirmed.