[No. 20448. Department One. August 3, 1927.]

FIDELITY & DEPOSIT COMPANY OF MARYLAND, *Appellant,* v. HARRY C. CLARK *et al., Respondents.*[1]

[1] HUSBAND AND WIFE (84) — COMMUNITY PROPERTY — DEBTS INCURRED BY HUSBAND—OFFICIAL DELINQUENCIES. The fact that a sheriff, in his written application to a surety company for his official bond, agreed to indemnify the surety against all loss, liability or expenses sustained by reason of its execution of the bond, does not create a community debt or make the community property of the sheriff and his wife liable to the surety for payments or expenses incurred by the surety on account of his official torts, where the parties directly injured thereby had no recourse against the community.

[2] SAME (84). The fact that a sheriff was appointed instead of elected makes no distinction as to the non-liability of the community for the official torts of the sheriff.

[3] SAME (84). The marital community is not liable for the torts of the husband while acting in his official capacity.

[1]Reported in 258 Pac. 35.

Appeal from a judgment of the superior court for Spokane county, Lindsley, J., entered December 6, 1926, entered in favor of the defendants, upon sustaining a demurrer to the complaint in an action in tort. Affirmed.

*Don F. Kizer,* for respondents.

*Williams & Cornelius,* for appellant.

MITCHELL, J.—The Fidelity & Deposit Company of Maryland, a corporation, was surety on the statutory bond of Harry C. Clark, as sheriff. While acting as sheriff, Clark became responsible for official torts on account of which he and the surety company were sued. Judgment was obtained against them in one case which the surety company paid and, in another case, the surety company necessarily incurred expenses in successfully defending against the suit. The present action was brought by the surety company against Clark and the community composed of him and his wife to recover judgment in the amount of the judgment it had been compelled to pay in the one case, and also for the amount of expenses it incurred in the other suit. To the complaint, the community consisting of Clark and his wife, appearing separately, interposed a general demurrer, which was sustained by the court. The plaintiff, refusing to further plead, has appealed from a judgment in favor of the community dismissing the action.

[1] The complaint in the case alleged that, in Clark's written application to the surety company to become surety on his official bond, he agreed to indemnify the surety company against all loss, liability, damages and expenses which the company might sustain by reason of its executing the bond; and, upon this theory of its being an action on an express contract, it it sought by the appellant to distinguish this case from

our former ones holding that the community is not responsible for the tort of an officer, such as a sheriff. But, in our opinion, the argument is unsound. Clark's express agreement, so far as it relates to this case, is of no higher order than would have been his implied promise to the same effect without the written agreement. The bond furnished by the appellant as surety was an official bond; the statute required it, and the payment of liability or necessary expenses, incurred because of it by the surety on account of official torts of the principal does not give to the surety any rights against the marital community that were not possessed by the parties directly injured by the official torts of the sheriff.

[2] Another distinction attempted to be made is that, in the present case, Clark was filling the office of sheriff by appointment, while in the other cases of this kind decided by this court the torts were committed by officers who had been elected. That, in our opinion, is a distinction without a difference in principle. He was sheriff and the torts were official torts.

[3] The controlling question in the case, and the one most strongly and industriously argued by the appellant, relates to the liability of a marital community for the torts of the husband acting in an official character. It calls in review all of our other cases upon the subject, such as *Brotton v. Langert*, 1 Wash. 73, 23 Pac. 688; *Day v. Henry*, 81 Wash. 61, 142 Pac. 439; *Bice v. Brown*, 98 Wash. 416, 167 Pac. 1097; *Kies v. Wilkinson*, 114 Wash. 89, 194 Pac. 582, 12 A. L. R. 833. We can see no true distinction between this and those cases, and as was said in *Kies v. Wilkinson*, upon referring to the original case of *Brotton v. Langert*, we are not inclined to overrule it. Counsel for appellant calls our attention to the case of *Kangley v. Rogers*, 85 Wash. 250, 147 Pac. 898, involving the tort of a notary public,

which it is said is a better reasoned case and, at the same time, inconsistent with our other cases. The same contention was made in *Bice v. Brown* and of it we said in that case:

"In the latter case (*Kangley v. Rogers*) the distinguishing elements are clearly and sufficiently noted."

Affirmed.

MACKINTOSH, C. J., FRENCH, MAIN, and FULLERTON, JJ., concur.